UNITED STATES DISTRICT COURT **REMAND / JS-6**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-3809-DMG (AFMx) | Date | July 6, 2022 |
|---|---|---|---|
| Title | *Johnell Harris, Jr. v. Venture Transport, LLC* | Page | 1 of 3 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [13]**

On June 3, 2022, Defendant Venture Transport, LLC removed Plaintiff Johnell Harris, Jr.'s Complaint to this Court from the Ventura County Superior Court. [Doc. # 1.] The purported basis for Defendant's removal is that Plaintiff's state-law wage and hour claims are completely preempted by 49 U.S.C. section 31141, as interpreted by the Federal Motor Carrier Safety Administration ("FMSCA"). *See* 83 Fed. Reg. 67470 (finding California's meal and rest break rules, as applied to commercial vehicle drivers, to be preempted by FMSCA's regulations, pursuant to Section 31141). On June 17, 2022, Plaintiff filed a motion to remand ("MTR"), which is now fully briefed. [Doc. # 13, 17, 19.]

This Court previously addressed the exact issue presented here—whether state-law wage and hour claims by commercial vehicle drivers are "completely" preempted by Section 31141, such that the Court has subject matter jurisdiction—in *Hardwick v. Hoovestol, Inc.*, No. CV 20-9707-DMG (MAAx), 2021 WL 200518 (C.D. Cal. Jan. 19, 2021). The Court reasoned as follows:

> Pursuant to 28 U.S.C. section 1441, an action may be removed from a state court to a federal district court if the latter would have had "original jurisdiction" over the action had it been filed in that court. Under 28 U.S.C. section 1331, district courts have original jurisdiction over any action that arises under the Constitution, laws, or treaties of the United States. The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," under which federal court jurisdiction exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First National Bank*, 299 U.S. 109, 112–13 (1936)). . . .
>
> It is a bedrock, long-settled principle that "a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even

UNITED STATES DISTRICT COURT **REMAND / JS-6**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-3809-DMG (AFMx) | Date | July 6, 2022 |
|---|---|---|---|
| Title | *Johnell Harris, Jr. v. Venture Transport, LLC* | Page | 2 of 3 |

> if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. v. Constr. Laborer Vacation Trust*, 463 U.S. 1, 14 (1983). The only exception is in cases of "complete preemption," when "the pre-emptive force of a [federal] statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar*, 482 U.S. at 393 (internal quotation marks omitted). A state law cause of action is only completely preempted when "the federal statute[] at issue provide[s] the exclusive cause of action for the claim asserted and also set[s] forth procedures and remedies governing that cause of action." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003). In short, Congress must intend the statute to provide the exclusive cause of action. *Id.* at 9.
>
> Section 31141 is not one of these statutes. It does not provide *any* private right of action, much less the *exclusive* cause of action. It merely allows the agency to pronounce that state laws that are additional to or more stringent than the federal regulations are not enforceable if the state laws have no safety benefit, are incompatible with the federal regulations, or would unreasonably burden interstate commerce. 49 U.S.C. § 31141(c)(4). The statute expressly allows state laws with "the same effect as" the federal regulations to be enforced. *Id.* at § 31141(c)(2). The federal regulations therefore do not even provide the exclusive law, much less the exclusive cause of action. . . .
>
> The Court therefore does not have federal question jurisdiction over Plaintiff's claim.

*Id.* at *1-2.

    The same reasoning and outcome apply here. Defendant makes no effort to distinguish *Hardwick*, and its arguments in its Opposition largely conflate the merits of an ordinary preemption defense with the "extraordinary" *complete* preemption doctrine, which is jurisdictional. *See Caterpillar*, 482 U.S. at 393. Its citation to *Razo v. Cemex Constr. Materials Pac., LLC*, No. CV 20-11175-MWF (KSx), 2021 WL 325638, at *3-4 (C.D. Cal. Feb. 1, 2021), is unavailing because "*Razo's* application of [Section 31141] fails to distinguish between ordinary conflict preemption and complete preemption." *Lindsey v. WC Logistics, Inc.*, ---F. Supp. 3d---, No. 21-CV-08400-EMC, 2022 WL 476238, at *3-4 (N.D. Cal. Feb. 16, 2022) (disagreeing with *Razo* and citing favorably to *Hardwick*).

UNITED STATES DISTRICT COURT  **REMAND / JS-6**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-3809-DMG (AFMx) | Date | July 6, 2022 |
|---|---|---|---|
| Title | *Johnell Harris, Jr. v. Venture Transport, LLC* | Page | 3 of 3 |

Accordingly, Plaintiff's MTR is **GRANTED**. The Court **REMANDS** this action to the Ventura County Superior Court. Defendant's motion to dismiss [Doc. # 11] is **DENIED as moot**, without prejudice to refiling in state court. The July 8 and July 15, 2022 hearings are **VACATED**.

**IT IS SO ORDERED**.